CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JAVIER ALMAZAN IBARRA, *individually and on behalf of others similarly situated,*

                      *Plaintiff,*

        -against-

5 BORO GREEN SERVICES LLC, MARK H. CALEM, MATTHEW J. FINNERAN a/k/a MATEO, ALAN D. GOLDMAN, EYSNER LACAYO a/k/a JOHNNY, and EDWIN ALEXANDER GUANDIQUE a/k/a EDWIN ALVAREZ,

                      *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Javier Almazan Ibarra ("Plaintiff Almazan" or "Mr. Almazan"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against 5 Boro Green Services LLC, ("Defendant Corporation"), Mark H. Calem, Matthew J. Finneran a/k/a Mateo, Alan D. Goldman, Eysner Lacayo a/k/a Johnny, and Edwin Alexander Guandique a/k/a Edwin Alvarez, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Almazan is a former employee of Defendants 5 Boro Green Services LLC, Mark H. Calem, Matthew J. Finneran a/k/a Mateo, Alan D. Goldman, Eysner Lacayo a/k/a Johnny, and Edwin Alexander Guandique a/k/a Edwin Alvarez.

2.	Defendants own, operate, or control a garbage collection service, located at 10 Commercial Street, Hicksville, New York 11801, under the name "5 Boro Green Services LLC".

3.	Upon information and belief, individual Defendants Mark H. Calem, Matthew J. Finneran a/k/a Mateo, Alan D. Goldman, Eysner Lacayo a/k/a Johnny, and Edwin Alexander Guandique a/k/a Edwin Alvarez, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Garbage collection service as a joint or unified enterprise.

4.	Plaintiff Almazan was employed as a helper, driving different trucks, and packing and unpacking goods, at the garbage collection service located at 10 Commercial Street, Hicksville, New York 11801.

5.	At all times relevant to this Complaint, Plaintiff Almazan worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.	Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Almazan appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.	Defendants' conduct extended beyond Plaintiff Almazan to all other similarly situated employees.

8.	At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Almazan and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.	Plaintiff Almazan now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Almazan seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Almazan's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Garbage collection service located in this district. Further, Plaintiff Almazan was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Javier Almazan Ibarra ("Plaintiff Almazan" or "Mr. Almazan") is an adult individual residing in Hicksville County, New York.

14. Plaintiff Almazan was employed by Defendants at 5 Boro Green Services from approximately April 2018 until on or about April 29, 2022.

15. Plaintiff Almazan consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a garbage collection service, located at 10 Commercial Street, Hicksville, New York 11801, under the name "5 Boro Green Services LLC".

17. Upon information and belief, 5 Boro Green Services LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10 Commercial Street, Hicksville, New York 11801.

18. Defendant Mark H. Calem is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mark H. Calem is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mark H. Calem possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Almazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Matthew J. Finneran a/k/a Mateo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Matthew J. Finneran a/k/a Mateo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Matthew J. Finneran a/k/a Mateo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Almazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Alan D. Goldman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alan D. Goldman is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alan D. Goldman possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Almazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Eysner Lacayo a/k/a Johnny is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eysner Lacayo a/k/a Johnny is sued individually in his capacity as a manager of Defendant Corporation. Defendant Eysner Lacayo a/k/a Johnny possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Almazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Edwin Alexander Guandique a/k/a Edwin Alvarez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Edwin Alexander Guandique a/k/a Edwin Alvarez is sued individually in his capacity as a manager of Defendant Corporation. Defendant Edwin Alexander Guandique a/k/a Edwin Alvarez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants,

including Plaintiff Almazan, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a garbage collection service located in a neighborhood in Hicksville, New York.

24. Individual Defendants, Mark H. Calem, Matthew J. Finneran a/k/a Mateo, Alan D. Goldman, Eysner Lacayo a/k/a Johnny, and Edwin Alexander Guandique a/k/a Edwin Alvarez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Almazan's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Almazan, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Almazan (and all similarly situated employees) and are Plaintiff Almazan's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Almazan and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Mark H. Calem, Matthew J. Finneran a/k/a Mateo, Alan D. Goldman, Eysner Lacayo a/k/a Johnny, and Edwin Alexander

Guandique a/k/a Edwin Alvarez operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

    30. At all relevant times, Defendants were Plaintiff Almazan's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Almazan, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Almazan's services.

31. In each year from 2018 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Garbage collection service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Almazan is a former employee of Defendants who was employed as a helper, driving different trucks, and packing and unpacking goods.

34. Plaintiff Almazan seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Javier Almazan Ibarra*

35. Plaintiff Almazan was employed by Defendants from approximately April 2018 until on or about April 29, 2022.

36. Defendants employed Plaintiff Almazan as a helper, driving different trucks, and packing and unpacking goods.

37. Plaintiff Almazan regularly handled goods in interstate commerce, such as trucks, cans, boxes, and other supplies produced outside the State of New York.

38. Plaintiff Almazan's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Almazan regularly worked in excess of 40 hours per week.

40. From approximately April 2018 until on or about December 2018, Plaintiff Almazan worked from approximately 7:00 a.m. until on or about 3:30 p.m., 5 days a week (typically 42.50 hours per week).

41. From approximately January 2019 until on or about December 2019, Plaintiff Almazan worked from approximately 7:00 a.m. until on or about 3:30 p.m., 5 days a week. However, approximately 3 days a week, Plaintiff Almazan would end his shift on or about 7:00 p.m. to 8:00 p.m.(typically 42.50 to 56 hours per week in total).

42. From approximately January 2020 until on or about April 2021, Plaintiff Almazan worked from approximately 7:00 a.m. until on or about 3:30 p.m., 5 days a week (typically 42.50 hours per week).

43. From approximately May 2021 until on or about April 29, 2022, Plaintiff Almazan worked from approximately 7:00 a.m. until on or about 9:00 p.m. to 10:00 p.m., 5 days a week (typically 70 to 75 hours per week).

44. Throughout his employment, Defendants paid Plaintiff Almazan his wages in cash.

45. From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Almazan $11.00 per hour.

46. From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Almazan $13.00 per hour.

47. From approximately January 2020 until on or about April 29, 2022, Defendants paid Plaintiff Almazan $15.00 per hour.

48. Plaintiff Almazan's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49. For example, Defendants required Plaintiff Almazan to work an additional 4 hours to 7 hours past his scheduled departure time 3 to 5 days a week, and did not pay him for the additional time he worked.

50. While Plaintiff Almazan was required to keep track of his time, by the Defendants, upon information and belief, the punch machine regularly misrepresented his hours worked.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Almazan regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Almazan an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Almazan, in English and in Spanish (Plaintiff Almazan's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54. Defendants required Plaintiff Almazan to purchase "tools of the trade" with his own funds—including a pair of boots.

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Almazan (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

56. Plaintiff Almazan was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants habitually required Plaintiff Almazan to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants paid Plaintiff Almazan his wages in cash.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Almazan (and similarly situated individuals) worked, and to avoid paying Plaintiff Almazan properly for his full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Almazan and other similarly situated former workers.

64. Defendants failed to provide Plaintiff Almazan and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Almazan and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Almazan brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiff Almazan and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

68. The claims of Plaintiff Almazan stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69. Plaintiff Almazan repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Almazan's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Almazan (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Almazan (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Almazan (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Almazan (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

76. Plaintiff Almazan repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Almazan overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiff Almazan overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Almazan was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

80. Plaintiff Almazan repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to provide Plaintiff Almazan with a written notice, in English and in Spanish (Plaintiff Almazan's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

82. Defendants are liable to Plaintiff Almazan in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

83. Plaintiff Almazan repeats and realleges all paragraphs above as though fully set forth herein.

84. With each payment of wages, Defendants failed to provide Plaintiff Almazan with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

85. Defendants are liable to Plaintiff Almazan in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

86. Plaintiff Almazan repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants required Plaintiff Almazan to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

88. Plaintiff Almazan was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Almazan respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Almazan and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Almazan's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Almazan and the FLSA Class members;

(e) Awarding Plaintiff Almazan and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Almazan and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g)   Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Almazan;

(h)   Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Almazan's compensation, hours, wages and any deductions or credits taken against wages;

(i)   Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Almazan;

(j)   Awarding Plaintiff Almazan damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)   Awarding Plaintiff Almazan damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)   Awarding Plaintiff Almazan liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)   Awarding Plaintiff Almazan and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)   Awarding Plaintiff Almazan and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

 (p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Almazan demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

   December 13, 2022

            CSM Legal, P.C

     By:   /s/ Catalina Sojo, Esq.
            Catalina Sojo [CS-5779517]
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            Telephone: (212) 317-1200
            Facsimile: (212) 317-1620
            *Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

June 20, 2022

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                             Javier Almanzan Ibarra

Legal Representative / Abogado:            CSM Legal, P.C.

Signature / Firma:                         _[signature]_

Date / Fecha:                              20 de junio 2022

*Certified as a minority-owned business in the State of New York*